### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DALLAS RIVERS, #91984,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 21-cv-00103-JPG |
| | ) |
| **NURSE RACHELLE BRAUN and** | ) |
| **NURSE PRACTITIONER M.** | ) |
| **DAMBACHER,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dallas Rivers, a detainee at Alton Law Enforcement Center, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims he was denied dental care for a fractured tooth and related dental infection by Nurse Braun and Nurse Practitioner Dambacher in 2020. (Doc. 1, pp. 6, 8-11). He seeks monetary and injunctive relief.[1] (*Id*. at 7).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief

---

[1] Plaintiff specifically seeks dental treatment "as soon as possible." However, the Complaint addresses claims that arose at Madison County Jail, and he is now housed at Alton Law Enforcement Center. Unless Plaintiff can establish that he will return to the Jail and face a similar denial of dental care by these defendants, his request for injunctive relief against them would appear to be moot. There is some possibility that Madison County Jail authorizes dental care for detainees at Alton Law Enforcement Center. If so, Plaintiff may file a *separate* "Motion for TRO and/or Preliminary Injunction" pursuant to Federal Rule of Civil Procedure 65(a) and/or (b) at any time during the pending action. In the motion, he should describe the exact relief he seeks, the facts that support the request for relief, and the reason this relief is warranted against the Jail defendants despite his current detention at Alton Law Enforcement Center.

1

must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 6, 8-11): Since being detained on October 10, 2019, Plaintiff has requested and been denied adequate dental care. He initially complained about a toothache in December 2019. When Plaintiff asked to see a dentist, Nurse Practitioner Dambacher and Nurse Braun informed him that dental appointments are not available to detainees. Instead, Plaintiff received Peridex rinse and dental wax, but neither addressed his symptoms. Plaintiff's tooth eventually fractured, and infection spread to his other teeth. He purchased pain relievers from the commissary, but they also did not work. When he complained of ongoing pain and infection, the defendants disregarded his complaints. They also denied his repeated requests for a dental appointment. (*Id*.).

Based on the allegations summarized herein, the Court designates a single claim in the *pro se* Complaint:

> **Count 1:** Fourteenth Amendment claim against Nurse Braun and Nurse Practitioner Dambacher for denying Plaintiff adequate dental care for his toothache, broken tooth, and/or infection in 2020.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

Because Plaintiff's claim arose during his pretrial detention, the Fourteenth Amendment Due Process Clause governs Count 1. A Fourteenth Amendment claim challenging the denial of dental care involves two inquiries. The first "focuses on the intentionality of the individual defendant's conduct" and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's]

2

case." *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The second asks "whether the challenged conduct was objectively reasonable." *Id.* The allegations support a Fourteenth Amendment due process claim against Nurse Braun and Nurse Practitioner Dambacher, both of whom allegedly acted purposefully, knowingly, and in an objectively unreasonable manner by disregarding Plaintiff's pleas for dental care for a toothache, infection, and a fractured tooth. Count 1 survives screening against both defendants.

## Disposition

**IT IS ORDERED** that **COUNT 1** survives screening against Defendants **BRAUN** and **DAMBACHER**.

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

**Because Count 1 arises from the alleged denial of dental care, the Clerk's Office is also DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendants **BRAUN** and **DAMBACHER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/2/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.